1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES WELK,<br><br>                         Petitioner,<br>   vs.<br>MATTHEW CATE,<br><br>                       Respondent. | CASE NO. 12cv2943-LAB (WVG)<br><br>**ORDER DENYING PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

Petitioner Richard Welk, a prisoner in state custody, filed his petition in this Court pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, this matter was referred to Magistrate Judge William Gallo. Judge Gallo issued his report and recommendation (the "R&R"), to which Welk has filed objections.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id*.

**Procedural History**

Welk was convicted in California state court of first degree murder after he stabbed a homeless man, William Fortner, to death. The murder took place on the Mission Beach boardwalk in San Diego, and numerous witnesses testified at trial. In his petition to the California Supreme Court, Welk argued that the evidence was insufficient to show the killing was premeditated and deliberate. He also raised two other claims that he has since abandoned.

Judge Gallo issued his report and recommendation (the "R&R," docket no. 11), recommending that the petition be denied. The R&R sets forth the correct legal standards for the grant or denial of § 2254 habeas petitions, as well as for the review of "sufficiency of the evidence" claims on habeas review, which the Court also relies on but does not repeat in detail here. It is enough to note that the standard for sufficiency of the evidence claims is set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and on habeas review the Court aplies the *Jackson* standards "with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005).

Because it is relevant to Welk's objections, the Court also notes that unexhausted claims cannot serve as the basis for habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order to exhaust his claims, Welk was required to give state courts aa full and fair opportunity to correct alleged constitutional errors. *Id*. at 845.  Here, this means Welk was required to present his arguments to the California Supreme Court. *See id*. at 844–45. He may not "fundamentally alter" the claim as presented to that court; if he does, it is unexhausted. *See Beaty v. Stewart*, 303 F.3d 975, 989–990 (9th Cir. 2002).

**Objections**

The R&R focuses on the claim as presented to the California Supreme Court, namely, whether the evidence presented at trial was sufficient to support a conviction for first degree murder, as opposed to some lesser charge. The R&R accurately describes the evidence, quoting from the state court record. Among other things, the R&R points out that there was ample evidence suggesting that Welk wanted to kill Fortner, and that he provoked a

confrontation as an excuse for doing so. Having provoked the confrontation and rendered Fortner helpless, Welk then fatally stabbed him in the neck.  The R&R relied on the state courts' finding of facts, correctly noting that they are presumed correct and entitled to deference.

Welk's objections amount to little more than re-arguing his case as if the Court were a jury. The evidence he cites is brief and selectively quoted. But even so, it essentially supports the prosecution's case. Even assuming the evidence were as sparse and equivocal as Welk claims, it would be sufficient to meet the doubly deferential standard.

But in fact the evidence is not as Welk characterizes it. Among other things, there was abundant evidence that Welk wanted to kill Fortner, and deliberately provoked an altercation to have an excuse for doing so. Before the killing, Welk had advised his girlfriend, if she were ever attacked, to stab her attacker in the neck (in the same way he later stabbed Fortner). On the day Welk was armed with a knife which he never revealed to Fortner. Although the two men were strangers, Welk approached Fortner while the latter was sitting on a seawall, wearing headphones, and began to taunt him. The interaction lasted several minutes, with Fortner at various times attempting to disengage and back away, or telling Welk to leave him alone or go away. Although Fortner also attempted to hit Welk, he appeared to be so uncoordinated and unsteady (possibly as a result of intoxication) that he was no real threat and never landed a blow. Welk, by contrast, easily dodged Fortner's swings, and continued taunting and slapping Fortner. Welk then knocked Fortner down, and as Fortner was attempting to get up, he held Fortner's head and  fatally stabbed him in the neck. Welk stabbed Fortner so forcefully that he severed Fortner's spinal cord and veretbral artery and cut into his cervical vertebra. Welk's statements both before and after the killing provide evidence of his state of mind. Shortly before the stabbing, a witness testified that Welk told Fortner "I'm going to get you in self-defense" and afterwards as he walked away "I told ya I'd get you. Self-defense. Self-defense. Everybody saw that. Self-defense." A witness testified that Welk later, while watching a television news report about the stabbing, bragged about having killed Fortner. (*See* 4 RT 233, 235, 237–39, 243, 252–54, 266, 291, 294–96,

298–303, 305–12, 314–16, 323–27, 332–33; 5 RT 360–63, 367–70, 405–07, 409–10, 412–14, 426, 429–30, 478; 6 RT 609–10, 702–04, 717; 7 RT 750–51.) The evidence was easily sufficient to support a conviction.

In parts, Welk argues that the evidence was not sufficient to support the jury's rejection of his self-defense theory. But this argument was never presented to the California Supreme Court, and is unexhausted. The only argument that Court had a fair opportunity to consider was his claim that the evidence didn't support premeditation.

Welk argues he is entitled to an evidentiary hearing. But there is no evidence he could present at this point, except that which is in the record already. This Court's review is limited to the record before the state courts, *see Cullen v . Pinholster*, 131 S.Ct. 1388, 1399 (2011), and that record easily shows the evidence was sufficient to support the verdict. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.")

**Conclusion and Order**

For these reasons, Welk's objections to the R&R are **OVERRULED**. The Court **ADOPTS** the R&R, and the petition is **DENIED**..

**IT IS SO ORDERED**.

DATED:  January 21, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge

12cv2943